Michael Patrick Doyle (# 029400)
Kevin Wein (#022752)
**DOYLE RAIZNER LLP**
2929 East Camelback Rd., Suite 126
Phoenix, Arizona 85016
Phone:  (480) 447-2494
Fax:  (480) 685-5005
mdoyle@doyleraizner.com
kwein@doyleraizner.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER,  BRIAN SAYLOR, AND MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN;

Plaintiffs,

v.

YORK RISK SERVICES GROUP;

Defendant.

Case No.  2:13-cv-01419-JWS

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

DOYLE RAIZNER LLP
2929 East Camelback Rd., Suite 126 ♦ Phoenix, AZ
85016
Phone:  480 447 2494 ♦ Fax:  480 685 5005

Controlling Ninth Circuit case law, omitted from Defendant's Motion, confirms that Plaintiffs ("the Phoenix Firefighers") sufficiently pled an injury to property under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Consistent with applicable RICO standards, the Phoenix Firefighters need only show an injury to a "property interest valid under state law" and financial loss, both clearly enunciated in the Complaint and resulting in fact from the misconduct at issue.  *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005). Arizona law mandates the property rights of the Phoenix Firefighters for statutory entitlements, contractual benefits and rights protected by Arizona law.  Defendant's Motion

simply ignores the most recent pronouncements of the Ninth Circuit, which explicitly recognized recovery for damage to property caused by a personal injury under RICO standards. *See Diaz*, 420 F.3d at 900, 902, and 904.

In addition, the Phoenix Firefighters have stated a well-founded claim against York for aiding and abetting multiple breaches of the duty of good faith and fair dealing set forth under Arizona law. Arizona provides for joint and several liability for principals and agents and assesses liability against both a principal and their agent when their agent commits a tort while acting in the course and scope of the agency relationship.

Finally, under applicable RICO law, individual Plaintiff Schamadan's claims for unnecessary and additional pain and suffering inflicted by Defendants' actions towards his late wife before her death survive her untimely passing. *See Faircloth v. Finesod*, 938 F.2d 513 (4th Cir. 1991).

## FACTUAL BACKGROUND

The Phoenix Firefighters, and the late wife of Plaintiff Michael Schamadan, sustained serious injuries or illness resulting from their work for the City of Phoenix, but were each wrongfully denied and delayed workers' compensation benefits.

York promised the City of Phoenix it would honestly and promptly provide necessary benefits as the third-party workers compensation benefits administrator. Unfortunately, York and Phoenix, in concert with certain hand-picked medical professionals, routinely and improperly denied necessary care and benefits to Phoenix's firefighters. As a result, injured firefighters, and their families, endured significant delays in medical care, financial distress, and adverse (but avoidable) impacts on their ultimate physical and financial condition.

The Phoenix Firefighters allege two claims against York: Fraud in violation of the Civil RICO statute and aiding and abetting the City of Phoenix's breach of the Duty of Good Faith and Fair Dealing under Arizona law. The Phoenix Firefighter's Complaint explains in great detail how the City of Phoenix, certain selected doctors, and York formed an enterprise to defraud the Phoenix Firefighters of the benefits they were owed.

This enterprise was neither accidental nor for a limited time, and it directly resulted in improper and injurious impacts each time a Phoenix Firefighter was denied and delayed benefits that Defendant knew they were entitled to receive.   Notwithstanding York's "policy" reasons suggesting that holding claims administrators and those who act in concert responsible for fraudulent denial of benefits to injured or ill public servants might have a deleterious impact on the workers compensation system, the applicable law, facts, and the need to deter misconduct all require denial of Defendant's Motion.

## I.   THE PHOENIX FIREFIGHTERS HAVE A VALID RICO CLAIM BECAUSE THEY HAVE AN INJURY TO PROPERTY CAUSED BY DEFENDANT

To recover under RICO, a plaintiff must show that conduct of an enterprise through a pattern of racketeering activity caused injury to the plaintiffs' business or property.  *See Diaz*, 420 F.3d at 902; *see also Canyon County*, 519 F.3d at 972.

Here Defendant only argues that the Phoenix Firefighters have failed to state a valid "injury to business or property" because their injuries derive from personal injuries.  This argument misses both the factual underpinning at the heart of the Phoenix Firefighters' well-pled Complaint and the legal standards that govern RICO claims.   The Phoenix Firefighters sustained and pled a valid injury to property wholly distinct from personal injury.  First, Plaintiffs have a property right under Arizona law for statutory entitlements, contractual benefits, and rights protected by Arizona law.  Second, the alleged injury is completely distinct from their personal injuries.  Moreover, the controlling Ninth Circuit standard runs contrary to Defendant's demand that the Court accept its "derived from personal injury" argument.  Finally, Arizona law on exclusive remedies cannot and does not preempt a federal cause of action.

### A.  Denying Workers' Compensation Benefits is an Injury to Property Under Arizona Law.

To define an "injury to property," the Ninth Circuit has looked to the relevant state law

definition of property.  *See Diaz,* 420 F.3d at 899 ("[W]e typically look to state law to determine whether a particular interest amounts to property."); *Canyon County*, 519 F.3d at 975; *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) ("the hallmark of property. . . is an individual entitlement grounded in state law."); *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).   Thus to state a valid RICO claim, the Phoenix Firefighters must incur an "injury to business or property" under Arizona law.  In fact, the Ninth Circuit makes it clear that Plaintiffs only need to plead "a property interest valid under state law" and financial loss.  *See Diaz*, 420 F.3d at 900; *Canyon County*, 519 F.3d at 975.

The Phoenix Firefighters suffered an injury to property under Arizona law for three separate and distinct reasons.  (1) Arizona law explicitly confirms that injured workers have a property right in the expectancy of a statutory benefit under the compensation system.  *See Madrid v. Industrial Com'n of Arizona*, 178 Ariz. 606, 610 (Ct. App. 1994) ("The right to receive workmen's compensation benefits is a property right."); *see also United Riggers Erectors v. Industrial Com'n of Arizona*, 131 Ariz. 258, 262 (Ct. App. 1981).   (2) The Phoenix Firefighters are third party beneficiaries to the workers' compensation insurance contract, and under Arizona law, a contractual right is a property right.  *Van Loan v. Van Loan*, 116 Ariz. 272, 274 (1977).  (3) The Phoenix Firefighters have alleged harm that amounts to a breach of the duty of good faith and fair dealing, which is actionable under Arizona law.  *Hayes v. Continental*, 178 Ariz. 264, 274-75 (1994).   For each of these reasons, independently, the Phoenix Firefighters have a property right to receive workers' compensation benefits that bars Defendant's demand for dismissal.

## 1. Under Arizona Law, A Right to Statutory Benefits Creates a Property Right, and Denial of Such Rights also Amounts to a Property Right.

The Phoenix Firefighters have a valid property right in the expectation of statutory

benefits for their work related injury. *See Madrid*, 178 Ariz. at 610; *United Riggers Erectors,* 131 Ariz. at 262.

The recipient of a statutory entitlement "has a statutorily created property interest in the continued receipt of those benefits." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60 (1999). Property rights must be based on legitimate claims of entitlement. *Kerley Indus. v. Pima County*, 785 F.2d 1444, 1446 (9th Cir. 1986). "Property . . . does not refer to concessions or privileges that a state controls and may bestow or withhold at will." *Allen v. Graham*, 8 Ariz. App. 336, 339 (1968). Rather the property holder "must have more than a unilateral expectation of it." *Board of Regents*, 408 U.S. at 577.

An expectation of entitlement sufficient to create a property interest "depend[s] largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [agency]." *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir.1980). A property right "is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994).

The Sixth Circuit addressed the very same issue under Michigan law in *Brown v. Cassens Transport. Co*. 675 F.3d 946 (6th Cir. 2012) a case remarkably similar to this one. In *Cassens*, several employees of Cassens Transport Company were injured on the job and filed for workers' compensation benefits. Crawford & Company, the third party adjusting company, and Cassens sent the plaintiffs to independent medical examinations with Dr. Saul Margules. Based on Margules' report, Crawford and Cassens denied coverage for the injuries. Subsequently, Plaintiffs received an award at the administrative level granting their owed workers' compensation benefits. The Plaintiffs then filed a lawsuit in federal court claiming Margules, Cassens, and Crawford committed fraud under RICO by engaging in an enterprise to fraudulently deny their workers' compensation benefits. The District Court granted Defendants' motion to dismiss and held that the Plaintiffs did not have a property right in workers' compensation benefits.

On Appeal the Sixth Circuit reversed and remanded. The court determined that the

plaintiffs have a property right for "benefits that have not yet been awarded if the party asserting the property entitlement can 'point to some policy, law, or mutually explicit understanding that both confers the benefits and limits the discretion of the [other party] to rescind the benefit.'" *See Id.* at 962 (citing *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005)).  The Court then concluded that Michigan law created a property interest for benefits "at the time that their employer becomes aware of the injury." *Id*. at 963.  The court emphasized that Michigan's Workers' Compensation statute mandates that employees who are injured on the job "shall be paid compensation." *Id.*

Mirroring the Michigan statute, the Arizona statute also contains mandatory language related to workers' compensation benefits.

> Every employee coming within the provisions of this chapter who is injured, and the dependents of every such employee who is killed by accident arising out of and in the course of his employment, wherever the injury occurred, unless the injury was purposely self-inflicted, **shall be** entitled to receive and **shall be** paid such compensation for loss sustained on account of the injury or death, such medical, nurse and hospital services and medicines, and such amount of funeral expenses in the event of death, as are provided by this chapter.

ARIZ. REV. STAT. § 23–1021 (emphasis added).  Moreover the Arizona statute also requires payment within 30 days of notice and that "denials shall be based on reasonable justification."   ARIZ. REV. STAT. § 23-1062.01.   This language, therefore, conferred a property right on the Plaintiffs for their expectation of benefits once Plaintiffs were injured, reported their injuries to York, and York had no reasonable justification for denying the claims.   A "legitimate claim of entitlement to the benefit" is all that is needed to establish a property interest in that benefit." *Roth*, 408 U.S. at 577.  The Phoenix Firefighters have a property right in their entitlement to the statutory benefits of workers' compensation under Arizona law that guides the proper consideration of their RICO claim.

### 2. Under Arizona Law, The Phoenix Firefighters Have a Property Right in Their Benefits Because Plaintiffs are a Third Party Beneficiary of the Insurance Contract

The Phoenix Firefighters also have a property interest in contractually established Workers' Compensation benefits under Arizona law. Arizona law provides that employees have contractual rights as third party beneficiaries of the contract between the employer and the insurer. *See Rowland v. Great States Ins. Co.*, 199 Ariz. 577 (Ariz. Ct. App. 2001) ("It is undisputed that Rowland [the employee] was a third-party beneficiary of the workers' compensation insurance contract between his employer and [insurer].") And under Arizona law, a contractual right is a property right. *Van Loan,* 116 Ariz. at 274 ("[A] contractual right . . . is a form of property.") An Arizona employee, therefore, has a property right to receive benefits under the workers' compensation system as a beneficiary of the insurance contract, which in this case was entered into by the City of Phoenix with York as contractually bound claims administrator.

This is further supported by *Doe v. Roe,* an opinion by the Seventh Circuit Court of Appeals relied on by Defendant in its motion. 958 F.2d 763 (7th Cir. 1992). Doe alleged that her divorce attorney, Roe, coerced her to pay his attorney's fees in sexual favors. The plaintiff argued that she was defrauded of her property interest in sexual labor and thus had standing under RICO. The Court found that under Illinois law a contract for labor and toil is a property right and therefore could serve as a basis for a RICO action.[1]

Here, the Phoenix Firefighters, as third party beneficiaries, have a contractual right to Workers' Compensation benefits paid in accordance with the obligations undertaken by York to the City of Phoenix. In fact, Arizona law premises the tort of Bad Faith on the exact same contractual rights. *See Rowland,* 199 Ariz. 577, 582. Moreover, like the plaintiff in *Doe*, Plaintiffs have a valid contract. But in contrast to *Doe*, here Arizona law enforces Plaintiffs' property right, and therefore Plaintiffs have alleged an injury to a

---

[1] The Court ultimately concluded that Doe did not have a property right in a contract for sexual labor because Illinois law holds that "contracts for sexual services are unenforceable as a matter of public policy." This does not change the fact that the Court held that a contractual right could serve as the basis for a property right.

1    property right under Arizona law.

2
3        **3. Under Arizona Law, the Phoenix Firefighters Have a Property
         Right in Their Benefits Because Defendant Breached the Duty of
4        Good Faith and Fair Dealing**

5        The Phoenix Firefighters also have a property right to enforce under RICO because the

6    harms at issue amount to the violation of the covenant of good faith and fair dealing, an

7    established tort in Arizona.   *See Diaz*, 420 F.3d at 900 (holding defendants' action

8    amounted to violations of California tort law and thus was property); *Living Designs, Inc.*

9    *v. E.I. Dupont de Nemours & Co*., 431 F.3d 353, 364 (9th Cir. 2005) (plaintiff's fraud

10   claim alleged injury to a property interest because fraudulent inducement is an actionable

11   tort under Hawaii law).

12       *Diaz* makes it clear that plaintiffs have a property right if their alleged harm amounts

13   to the violation of an established state-law tort.   420 F.3d at 900.   In *Diaz*, the plaintiff

14   brought a claim against the LAPD for lost employment and wages caused by his alleged

15   unjust incarceration.   The District Court dismissed the claim because the injuries flowed

16   directly from his false arrest and imprisonment, which the District Court held were

17   personal injuries and not injuries to property.   The Ninth Circuit En Banc found that the

18   plaintiff's alleged harm was an injury to a property interest because "the harms [plaintiff]

19   alleges amount to intentional interference with contract and interference with prospective

20   business relations, both of which are established torts under California law."   *Id*. at 900.

21   After *Diaz*, the Ninth Circuit has consistently looked to state law to determine if an injury

22   is one to property.   *Id*., (California law) *Canyon County*, 519 F.3d at 977 (Idaho law);

23   *Living Designs, Inc*., 431 F.3d at 364 (Hawaii law).

24       The Phoenix Firefighters have alleged and actually sustained injuries to property rights

25   under Arizona law.   Just like the plaintiff in *Diaz* whose harm "amounted to . . .

26   established torts under California law," here Plaintiffs alleged fraudulent denial of benefits

27   amount to "bad faith," which is a tort under Arizona law.   *See Hayes,* 178 Ariz. at 274-75.

28

1   Defendant actually concedes this basis in its Motion but nonetheless asks this Court to

2   grant its motion to dismiss.  *See* Defendant's Motion to Dismiss at Pg. 9 Ln. 18-19

3   (Plaintiffs attempt to "disguise their bad faith claims as RICO claims.")

4       Although Defendant attempts to distinguish *Cassens*, alleging that the case is premised

5   on Michigan property law and ignores federal precedent, both Arizona law and Ninth

6   Circuit precedent underscore the Phoenix Firefighters' right to proceed more firmly than

7   set forth in the *Cassens* opinion.  First unlike Arizona, Michigan's workers' compensation

8   system does not confer upon employees a contractual right to benefits.  *See Cassens*, 675

9   F.3d at 973 (dissent) ("Finally, our panel previously referred to the WDCA as a 'public

10  regulation of the employment relationship that is a substitute for the tort system rather

11  than any **contractual relationship** between employees and employers.'") (emphasis

12  added).  Moreover, unlike Michigan, Arizona law provides for a breach of the duty of

13  good faith and fair dealing in the workers' compensation insurance contract.  Most

14  directly of consequence to this Court's evaluation, Defendant has completely ignored

15  *Diaz*, the controlling precedent.  Instead Defendant suggests that the Court look solely to

16  an inaccurate standard unsupported by Ninth Circuit law.

17      For these three separate reasons, the Phoenix Firefighters have a property right in

18  receiving workers' compensation benefits and Defendant's motion to dismiss should be

19  denied.

20

21       **B. Fraudulently Denying Workers' Compensation Benefits is not a
        "Personal Injury" or Wholly Derivative of Personal Injury.**

22

23      Ignoring the Phoenix Firefighters valid property interest under Arizona law, Defendant

24  claims under RICO that Plaintiffs may never recover in any way for a personal injury.

25  This argument fails for two reasons.  (1) The Ninth Circuit does not bar injuries derived

26  from personal injuries if the subsequent injury is to property.  *See Diaz,* 420 F.3d at 900.

27  (2) The deprivation of property rights are injuries completely separate from the underlying

28  personal injuries and have a discrete property interest under Arizona law.

**1. The Ninth Circuit does not bar claims that derive from personal injury if it also leads to an injury to property**

In *Diaz* the Ninth Circuit Court of Appeals addressed whether a personal injury (false imprisonment) that led to a property injury (interference with contractual relationship) was actionable under RICO. The Court held that treating personal injury and property injury separately was "both analytically cleaner and truer" to the broad language of civil RICO. *Id.* at 902. Thus the Court rejected an argument that any injury derived from personal injury is not recoverable under RICO and required only that the plaintiff allege a property interest under state law and financial loss. *Id.* at 900; *see also* Comment, Patrick Wackerly, *Personal Versus Property Harm and Civil RICO Standing*, 73 U. CHI. L. REV. 1513, 1518–19 (2006)(analyzing the statutory interpretation of RICO and concluding that the Diaz Court's approach was correct). As explained in detail above, what is at issue here is just that.

When analyzing the exact same issue, the Sixth Circuit in *Cassens* followed the *Diaz* Court's logic. *See Cassens*, 675 F.3d at 959-61. The Court concluded that the plaintiffs' denial of workers' compensation benefits was a property interest under Michigan and federal law. But more importantly the Court relied on *Diaz* to emphasize that RICO does not bar recovery for damages to a property interest regardless of whether they derived from personal injuries. *Id.* at 960 ("But there is nothing in the text of RICO or the cases they point to that provides for ignoring damage to an intervening legal entitlement because it arose following a personal injury.") The Court also emphasized that Defendant's approach would absurdly allow for the recovery for "fraudulent devaluation of welfare benefits, which do not arise following a personal injury, but not for the fraudulent devaluation of workers' compensation benefits." *Id.* at 960-61.

Here, the Phoenix Firefighters have alleged an injury to property under Arizona law. Furthermore, the Complaint also lays out in clear detail financial losses, including emotional injuries, attorneys' fees, medical-care expenses, and transportation expenses. Because the Phoenix Firefighters have shown a separate interest to property and financial

loss, they have stated a valid claim under RICO regardless of whether the injuries originally derived from an on-the-job personal injury.  *See Diaz*, 420 F.3d at 900.

### 2. The Injuries from Delay and Denial of Statutory and Contractually Obligated Benefits are Distinct and Separate From Their Original Personal Injuries.

Defendant argues that personal injuries are not recoverable in a cause of action under the RICO statute.  But Defendant then simply ends the analysis and concludes that the Phoenix Firefighters did not and could never state any other valid legal claims under RICO.  Defendant never addresses, much less explains, why or how the denial of statutory and contractual benefits is a personal injury and not a property injury.

Put most simply, the Phoenix Firefighters do not allege that Defendant caused any direct personal injury to them.  Rather, the Phoenix Firefighters sustained personal injuries before Defendant caused subsequent injury to Plaintiffs' separate statutory and contractual right to receive benefits.  As shown previously, Plaintiffs had a property interest in the workers' compensation benefits distinct from any personal injury recovery and "not a direct or natural consequence of the original compensable injury."  *See Boy v. Fremont Inedm. Co*., 154 Ariz. 334, 338 (Ct. App. 1987) (holding that the tort of bad faith in a workers' compensation context is distinct from personal injury).

Thus regardless of the standard applied, the Phoenix Firefighters' claims are distinct from their personal injuries and recoverable under RICO.  But because the Court should apply Ninth Circuit precedent, under *Diaz* it is irrelevant if the claims are derivative of personal injury.  The Phoenix Firefighters only need to show injury to property under Arizona law, which they have.

### C. The Exclusive Remedy Doctrine is not Relevant and Has No Effect on These Claims Arising Under the RICO Statutes

Arizona has not and cannot immunize claims administrators such as York from

misconduct under federal RICO law, nor has it even done so under its state law.  It is of no moment that Arizona provides an alleged exclusive remedy for workplace injury.  The Supremacy clause prevents the Arizona Legislature from eliminating a RICO remedy simply by declaring its workers' compensation scheme to be exclusive of federal remedies.  *See Lopez v. S.B. Thomas, Inc*., 831 F.2d 1184, 1190 (2d Cir. 1987) ("[W]e do not read the workers' compensation law to deny relief under a federal statute.  Were state law to erect such a bar, it would clearly run afoul of the Supremacy Clause. . ."); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1105 (10th Cir. 1998) (holding that Colorado's exclusive remedy provision for workers' compensation cannot pre-empt federal civil rights claims).  Moreover, what is at issue is the predicate offense of mail fraud, not workers' compensation.  *Parr v. United States*, 363 U.S. 370, 389 (1960)) ("[T]he fact that a scheme may violate state laws does not exclude it from the proscriptions of the federal mail fraud statute.")

Finally a remedy under the RICO laws would not contravene state policy or interfere with an administrative regime.  Rather Arizona law already provides for an external remedy beyond the administrative level, bad faith.  In contrast, RICO properly acts to hold liable fraudulent racketeering activity involving federal interests and only furthers the policy of the state of Arizona to protect its residents from unlawful enterprises.

Defendant's litany of supposed consequences that could result if this case is allowed to proceed is likewise unpersuasive.  The threat of RICO liability would not deter physicians from conducting lawful medical evaluations of injured workers or deter claims handlers from denying fraudulent claims.  It would and should, however, deter doctors and claims handlers from acting in concert to fraudulently deny legitimate claims as occurred here.  Moreover, allowing bad actors in the workers compensation system to continue wrongful and egregious misconduct unchecked penalizes those who fully comply with the laws enacted to deal with those exact types of ills.  Defendant's motion to dismiss should be denied.

## II. The PHOENIX FIREFIGHTERS HAVE STATED A VALID CLAIM FOR AIDING AND ABETTING

As a threshold matter, Defendant has attached exhibits beyond the pleadings to their motion to dismiss for failure to state a claim regarding the aiding and abetting cause of action. This violates the standards applicable to this Motion.  The Phoenix Firefighters therefore request the Court exclude the exhibits from consideration.  *See Godfrey v. Lafavour*, 2005 WL 2340714 (D. Alaska Sept 16, 2005) ("At this point, the court . . . has excluded the extraneous materials attached by defendants from the court's consideration of defendants' Rule 12(c) motion.")  Substantively, Defendant's motion to dismiss the aiding and abetting claim should be denied because 1) The law allows such a claim to be brought against a third-party administrator and 2) the Phoenix Firefighters have adequately pled that the City of Phoenix breached its duty of good faith and fair dealing.

### A. A Third Party Administrator Can Aid and Abet a Self-Insured Entity.

There is no Arizona case law to support Defendant's argument that the cause of action against York should be dismissed because an agent cannot aid and abet the principal's tortious conduct.  Indeed, case law states exactly the opposite.  Arizona law expressly provides for independent agent liability when acting on behalf of their principal. "It is well-established law that an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." *Warner v. Southwest Desert Images*, LLC, 218 Ariz. 121, 127, (App. 2008).

The *Warner* court relied on section 7.01 of the Restatement (Third) of Agency: "An agent is subject to liability to a third party harmed by the agent's tortious conduct. . . . An [agent] remains subject to liability although the [agent] acts . . . within the scope of employment." *Id.* (quoting Restatement (Third) of Agency § 7.01).

In *Warner*, the trial court entered a directed verdict in favor of the agent on the basis that the principal was "clearly liable in this situation for whatever damages the jury does

find in this matter" and therefore there could be no independent recovery against the agent. *Warner*, 218 Ariz. at 126–27. Even though the jury found the principal 100% liable for the damages, the Arizona Court of Appeals reversed the trial court's directed verdict because "there was no legal basis for the court's decision to dismiss [the agent] from the action." *Warner*, 218 Ariz. at 127. Put another way, each actor, Phoenix (principal) and York (the agent) are separately liable to Plaintiffs for their respective tortious conduct. Plaintiffs have the right to recover from each party for the tort each committed regardless of the relationship between those parties. Arizona law reinforces this: both the agent and the principal can be held liable, jointly and severally, for torts committed by the agent acting on behalf of the principal. *See*, *e.g.*, Ariz. Rev. Stat. § 12-2506(D)(2) (creating joint and several liability where an agent commits a tort while "acting as an agent or servant" of another party).

Even more recently, in *Inman v. Wesco* 2013 WL 2635603, (D. Ariz. June 12, 2013) this District made clear that an adjuster can be held liable for aiding and abetting an insurer's violations of the duty of good faith and fair dealing. In that case, Defendant brought a motion to dismiss alleging that the acts of the employee must be imputed to the employer and therefore no separate tort liability may exist. This is virtually the same argument that York makes here—that York and Phoenix are one and the same for the purposes of tort liability. But as the *Inman* court explained, this analysis "ignores longstanding principles of the law of agency." *Id.* Citing *Warner*, 218 Ariz. 121, the Court held that "[i]t is well-established law that an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal." The Court also relied on *Morrow v. Boston Mutual Life Insurance Co.,* 2007 WL 3287585 (D. Ariz. Nov. 5, 2007) (holding that an agent of an insurance company could be liable for aiding and abetting) and Judge Bolton's recent order in *Smith v. Country Mutual Insurance Co.*, 2:12–cv–02351–SRB (Jan. 10, 2013) in concluding that Defendant's claim about the viability of an aiding and abetting claim was "without merit." Nothing discussed in Defendant's motion here compels a different result.

Defendant also appears to misapprehend the aiding and abetting tort. Defendant's cited authority is. *Meineke v. GAB Business Services, Inc.*, 195 Ariz. 565 (Ct. App. 1999), relates off-point only to claims for bad faith directly against a third party adjuster. As held by Arizona law and in this District, the claims arise from the distinct tort of aiding and abetting violation of that duty. In contrast to Defendant's suggestion about what it might like the law to be, third party adjusters can aid and abet the breach of the covenant of good faith and fair dealing even if it cannot be liable for the bad faith conduct itself.

Defendant fails to cite any applicable authority that establishes that a third party entity cannot be liable for torts committed in the course and scope of their contract with an insurance company. And *Inman* and the cases it cites specifically hold that agents can be responsible for their own tortious conduct.

### B. The Phoenix Firefighters Have Adequately Pled That the City Violated Their Duty of Good Faith and Fair Dealing

The Phoenix Firefighters have provided enough detail to sufficiently show that the City of Phoenix acted in bad faith beyond "threadbare recitals of the elements of the cause of action." The Complaint outlines in great detail that York and Phoenix engaged in a RICO conspiracy to defraud Plaintiffs' benefits. *See* Plaintiffs' Complaint at ¶ 70-86; *see also* Plaintiffs' Complaint at ¶ 2 ("Instead of carrying out the duties consistent with these legal and moral obligations, York routinely and improperly chooses to hurl frivolous and legally unsound roadblock after roadblock to wrongfully deny care to Phoenix's firefighters, with the assistance of some Phoenix administrators."); ¶ 84 ("York conspired with one or more other parties or the employees of the City of Phoenix to [commit fraud]") at ¶95 ("Phoenix breached the duty of good faith and fair dealing it owed to Plaintiffs as described above.") The Complaint even details the specific acts of wrongdoing that the City and York committed in their violations of the RICO statutes. These allegations easily allow the court to find Phoenix's bad faith "plausible" under *Ashcroft v. Iqbal*. 556

U.S. 662, 678 (2009).   Moreover, further detailed pleading is a matter for the Court to consider leave to amend, rather than the demanded dismissal.

### III. MR. SCHAMADAN'S CLAIMS SURVIVE UNDER RICO AND FEDERAL LAW.

Defendant also attempts to dismiss, Michael and Brandi Schamadan's claims for pain and suffering because Ms. Schamadan ultimately passed away from her industrial disease. While Defendant correctly argues that Arizona law prevents recovery of pain and suffering, Defendant forgets that RICO damages apply federal law and not state law.  Here, Federal law is clear that RICO claims survive the death of the plaintiff.  *See Faircloth v. Finesod*, 938 F.2d 513 (4th Cir. 1991)("civil RICO claims do not abate upon the death of the injured party"); *cf. In re National Mortgage Equity Corp. Mortgage Poll Certificates Securities Litigation*, 636 F.Supp. 1138, 1151-1156 (C.D. Cal. 1986) (holding that RICO claim were assignable while using the same logic and standard as the *Faircloth* court).  Indeed, the Court in *Faircloth* found that the plaintiff's civil RICO claims survived death even while dismissing the plaintiff's common-law claims under South Carolina law on the grounds that they did not survive.  As with the other suggestions that further detail is necessary to the well-pleaded Complaint, consideration of leave to amend rather than dismissal is also requested.

### CONCLUSION

For all the reasons discussed above, Defendant's Motion to Dismiss should be denied in its entirety. In the alternative, the Phoenix Firefighters request leave to amend, if necessary.

1

2          Respectfully submitted,

3

4

5

6          **DOYLE RAIZNER LLP**

7

8

9          _____

10         MICHAEL PATRICK DOYLE
           State Bar No. 029400
11         KEVIN WEIN
           State Bar No. 022752
12         2929 East Camelback Rd., Suite 126
           Phoenix, Arizona 85016
13         Phone:  (480) 447-2494
14         Fax:  (480) 685-5005
           mdoyle@doyleraizner.com
15         kwein@doyleraizner.com
16         **ATTORNEYS FOR PLAINTIFFS**
           **THE PHOENIX FIREFIGHTERS**
17

18  OF COUNSEL:

19  Taylor and Associates
20  320 E. Virginia Avenue
    Phoenix, AZ 85004
21  602.288.3829

22

23                    **CERTIFICATE OF SERVICE**

24       I hereby certify that on this 23rd day of September 2013, I electronically
    transmitted the attached document to the Clerk's Office using the CM/ECF System for
25  filing, thereby serving all parties of record.

26

27

28

1

2

                    MICHAEL PATRICK DOYLE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28