UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE BRANDI SCHAMADAN, | 2:13-cv-1419 JWS<br><br>ORDER AND OPINION |
| Plaintiffs, | [Re: Motion at docket 33] |
| vs. | |
| YORK RISK SERVICES GROUP, | |
| Defendant. | |

## I.  MOTION PRESENTED

At docket 33 plaintiffs Laurie Miller, Brian Dimas, Kim Mills, Anthony Soza, Bruce Campbell, Kellie Bowers, Tim Hunter, Brian Saylor, and Michael Schamadan, individually and as representative of the estate of his wife, Brandi Schamadan ("Plaintiffs") move pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a protective order.  At docket 36, defendant York Risk Services Group

(Defendant) responds.  Plaintiffs' reply is at docket 43.  Oral argument was requested but would not be of material assistance to the court.

## II.  BACKGROUND

Plaintiffs are or were employed by the City of Phoenix ("City") Fire Department. Defendant is a third-party insurance administrator which adjusts workers' compensation claims made by City employees.  Plaintiffs allege that with the assistance and knowledge of certain City employees Defendant wrongfully denied and delayed workers' compensation benefits which resulted in harm related to their medical care and financial situations.  More specifically, Plaintiffs allege that Defendant, acting in concert with the City, fraudulently denied their workers' compensation benefits in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1964, and 1965.  Plaintiffs also allege that Defendant violated Arizona law by aiding and abetting the City's breach of its duty of good faith and fair dealing.  These claims survived Defendant's motion to dismiss and remain for resolution.[1]

## III.  DISCUSSION

The parties recognize that discovery in this case will involve the disclosure of materials which contain confidential trade secret information.  To protect such information from unnecessary dissemination to third parties, both Plaintiffs and Defendant seek to have an appropriate protective order entered by the court.  Indeed,

---

[1] *See* Orders at dockets 23, 26, and 35.

the court has entered a temporary protective order which will govern the dissemination of such information pending resolution of the motion at hand.[2]

In terms of the contents of a final protective order, Plaintiffs and Defendant part company on two issues. Plaintiffs explain the situation as follows:

> After extensive conference efforts, the parties were able to settle upon an agreed form [of protective order] in most respects, but Defendant . . . is opposed to the final form of Plaintiffs' proposed order unless 1) the order seals records alleged to be confidential by any party through and after public trial proceedings, and 2) bars sharing with like-situated parties engaged in similar litigation with [Defendant] and the courts overseeing such litigation, only.[3]

More specifically, Plaintiffs request and Defendant objects to including proposed paragraph 3. (e), 3. (f), and the second paragraph which is numbered 6, while Defendant requests and Plaintiffs object to proposed paragraphs 10., 12., and the first sentence of paragraph 13. in the otherwise jointly agreed Interim Protective Order.[4]

The first issue to address is whether strangers to the litigation who would litigate claims against Defendant similar to those being litigated by Plaintiffs in the case at bar should have the same access to Defendant's confidential information as Plaintiffs, their counsel, and their experts have under the Interim Protective Order. Parties appearing in other litigation against Defendant should be subject to whatever discovery limits (if any) may be imposed by the tribunal in which their cases are proceeding. If this court

---

[2] *See* Order at doc. 51 adopting the parties' proposed temporary protective order which appears at docket 50-1.

[3] Doc.33 at p. 2.

[4] A copy is at doc. 33-1. The first of the two paragraphs assigned the number 6 in the proposed order is not in dispute. It is the second paragraph number 6 which is in dispute. In this order references to paragraph number 6 are references to the second of the two paragraphs.

were to rule that a protective order adopted in this case somehow applied to litigants (or would be litigants) in other cases, it would be imposing rules respecting discovery in matters not before this court.  Moreover, "policing" this court's order in other tribunals invites confusion and controversy which is easily avoided by restricting the disclosure of confidential information in this case to the parties, their counsel, and their experts.  Such a restriction does not prejudice the interests of Plaintiffs in this case–the only case before this court.  In keeping with this ruling, Proposed paragraphs 3. (e) and (f) in the Interim Protective Order will not be included in the Final Protective Order, but proposed paragraph 10 in the Interim Protective Order will be included.

The second issue which must be addressed concerns the duration of the confidentiality protection afforded by a protective order.  Plaintiffs contend that Defendant has not shown a sufficient basis for maintaining the confidentiality of all the information during trial and in post-trial proceedings.  Plaintiffs argue that to protect all of the information through trial and beyond would require sealing a portion of the trial record, something which they say should be considered closer to the time of trial.  For its part, Defendant concedes that any documents which are disclosed publicly at trial would then be accessible to the public, but argues that the confidentiality order should provide trial and post-trial security from disclosure subject only to the possibility that some confidential documents would be properly disclosed at trial.

The public enjoys the right to "inspect and copy public records and documents, including judicial records and documents."[5]  This right is not unlimited: "Every court has

---

[5] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[6] The Ninth Circuit instructs that unless a court document is something which has traditionally been kept secret there is a strong presumption in favor of allowing public access, and a party seeking to seal the document must overcome the presumption with compelling reasons which are supported by specific factual findings.[7] The Ninth Circuit has recognized two categories of documents which fall into the category of papers that have been traditionally protected from disclosure to the public: grand jury transcripts and materials which concern warrants while an investigation is under way.[8] Here, the appellate court's teaching is understood by this court to mean that a proper protective order cannot automatically apply through trial and beyond. Rather, only to the extent that Defendant can carry its burden to show compelling reasons why some specific material should be sealed will the court afford protection from disclosure during trial and beyond. It may be added that if Plaintiffs seek to use materials which are subject to a protective order, but not relevant to the trial, the court will rule that they are not relevant and their disclosure would continue to be subject to the Final Protective Order.

To be sure the provisions of the Final Protective Order are consistent with this order, proposed paragraph 12. of the Interim Protective Order must be modified as follows

---

[6]*Id.*, 435 U.S. at 598.

[7]*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[8]*Id.*

Insert immediately following the number 12.: "No document, testimony or information otherwise subject to this Protective Order which a party succeeds in introducing as evidence at trial shall remain subject to the provisions of this Protective Order unless the party seeking to keep it confidential shows compelling reasons why such document, testimony or information should not become part of the public record of the trial in this case.  Other."   The paragraph would then continue as written starting with the word "documents" and concluding with the words "reasonable period of time."

Plaintiffs' objection to the first sentence in paragraph 13 will be sustained, because the balance of paragraph 13 provides protection from disclosure consistent with the court's rulings in this order.  The first sentence of paragraph13 proposed by Defendant must be excised.

## IV.  CONCLUSION

The motion at docket 33 is **GRANTED in part and DENIED in part** as follows: Counsel shall prepare and file a Final Protective Order consistent with the decision above.  The Final Protective Order will supercede the existing temporary protective order put in place by the order at docket 51.

DATED this 11th day of March 2014.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE