UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BRANDI SCHAMADAN, | 2:13-cv-1419 JWS  ORDER AND OPINION |
| Plaintiffs, | [Re:   Motion at docket 42] |
| vs. | |
| YORK RISK SERVICES GROUP, | |
| Defendant. | |

## I.  MOTION PRESENTED

At Docket 42  plaintiffs Laurie Miller, Brian Dimas, Kim Mills, Anthony Soza, Bruce Campbell, Kellie Bowers, Tim Hunter, Brian Saylor, and Michael Schamadan, individually and as representative of the Estate of Brandi Schamadan (collectively "Plaintiffs"), move  for an order compelling defendant York Risk Services Group (Defendant") to participate in a Rule 30(b)6) deposition regarding the manner and methods used by Defendant to store and maintain electronically stored information.

Defendant's response is at docket 48.  Plaintiffs' reply is at docket 56.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Plaintiffs are or were employed as City of Phoenix ("City") firefighters.  Defendant is a third-party insurance administrator for the City which adjusts City employees' workers' compensation claims.  Plaintiffs contend that Defendant, with the assistance and knowledge of certain City employees, wrongfully denied and delayed workers' compensation benefits thereby causing them harm.

Plaintiffs are pursuing two claims against Defendant.  Their first claim alleges that Defendant, acting in concert with the City, fraudulently denied their workers' compensation benefits in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1964, and 1965.  In their second claim they allege that Defendant violated Arizona law by aiding and abetting the City's breach of its duty of good faith and fair dealing.  Defendant moved to dismiss the claims, but the court denied the motion.  In the pending motion, Plaintiffs ask the court to order Defendant to submit to a wide ranging motion pursuant to Rule 30(b)(6) intended to allow Plaintiffs to learn the manner and methods used by Defendant to store and maintain electronic information.

## III.  DISCUSSION

Plaintiffs note that with respect to their RICO claim they will need to discover electronically stored information and contend that the requested Rule 30(b)(6) deposition will allow them to tailor their discovery requests to avoid potential disputes

over what may be discovered.  They contend that other courts have allowed discovery of the very sort they seek for that reason.  Plaintiffs cite no appellate decision to support that specific proposition, and the district court decisions they cite are mostly from trial courts in other circuits.[1]  They do cite two district court cases from within the Ninth Circuit.

One of the Ninth Circuit trial court decisions cited is *Great Am. Ins. Co. v. Vegas Constr. Co., Inc.*[2]  There, plaintiff noticed a Rule 30(b)(6) deposition which identified "23 subjects mostly related to the work Distinctive Homes performed on the Villa Pacific construction project, its participation in settlement negotiations and payments in the Villa Pacific case, and its discovery responses in the instant case."[3]  The opinion contains an extensive discussion of a corporation's duties to identify and prepare a witness for a Rule 30(b)(6) deposition, but nothing in the opinion suggests that the case involved any request to conduct discovery into the manner and methods used by the defendant to store and maintain electronic data.

The other district court decision from within the Ninth Circuit cited by Plaintiffs is *Starbucks Corp. v. ADTSec. Services, Inc.*[4]  There, Starbucks had served discovery asking for certain information which was electronically stored by ADT.  ADT objected to producing the requested information on the grounds that it would be unduly

---

[1] *See* cases cited in doc. 42 at pp. 3. and 4.

[2] 251 F.R.D. 534 (D. Nev. 2008)

[3] 251 F.R.D. 536.

[4] 2009 WL 4730798 (W.D. Wash 2009).

burdensome and difficult to retrieve it.  Faced with a need to resolve that dispute,  the court ordered ADT to give a Rule 30(b)(6) deposition which would shed light on the issues relating to retrieval of the relevant ESI.  It will be noted that a request for substantive discovery preceded the Rule 30(b)(6) deposition which was tailored to answering the question of whether it actually would be unduly burdensome and difficult to retrieve the particular substantive information sought.  This case lends no support to the proposition that a Rule 30(b)(6) deposition should precede discovery requests seeking specific substantive information.

Plaintiffs also point to a recent decision by this court and an older one by the Ninth Circuit which stand for the interrelated propositions that the scope of discovery is broad and broad discovery promotes the search for truth.[5]  That said, it remains to be determined whether starting the discovery process with a wide ranging inquiry into the manner and method by which a party stores and manages ESI is a helpful and appropriate approach to obtaining substantive information.  In this court's view it is not.  Plaintiffs contend that starting with discovery of the manner and means of how Defendant stores ESI will allow them to tailor requests in the future.  The court's view is that starting discovery with such an inquiry puts the cart before the horse and likely will increase, rather than decrease, discovery disputes.  Instead of beginning with a deposition that address nothing but process, discovery should start with inquiries that seek substantive information.  If Defendant then asserts that retrieving relevant

---

[5] *Fuerstein v. Home Depot, U.S.A. Inc.*, 2013 WL 4507612 (D. Ariz. 2013) and *Epstein v. MCA, Inc.,* 54 F.3d 1422 , 1423(9th Cir. 1995).

information stored electronically would be unduly burdensome, it might then be appropriate to proceed with a Rule 30(b)(6) deposition of the type Plaintiffs seek.[6]

## IV.  CONCLUSION

For the reasons above, the motion at docket 42 is DENIED.

DATED this 15th day of April 2014.

/S/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] *See Starbucks, supra..*