# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN, <br><br>Plaintiffs, <br><br>vs. <br><br>YORK RISK SERVICES GROUP and FRANK GATES SERVICE COMPANY, <br><br>Defendants. | 2:13-cv-1419 JWS <br><br>ORDER AND OPINION <br><br>[Re: Motion at Docket 256] |

## I. MOTIONS PRESENTED

At docket 256, plaintiffs move to compel defendants to respond to certain discovery requests. Defendants' response is at docket 303. Plaintiffs' reply is at docket 316. Oral argument was requested but would not assist the court.

## II. BACKGROUND

Plaintiffs are or were employed as City of Phoenix ("City") firefighters. Defendants are third-party insurance administrators for the City who adjusted City employees workers' compensation claims. Plaintiffs contend that defendants, with the

assistance and knowledge of certain City employees, wrongfully denied and delayed their workers' compensation benefits.

In their Fourth Amended Complaint,[1] plaintiffs plead four claims. First, all plaintiffs allege that defendants, acting in concert with the City, fraudulently denied their workers' compensation benefits in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1964, and 1965. Second, all plaintiffs allege that defendants violated Arizona law by aiding and abetting the City's breach of the City's contractual duty of good faith and fair dealing. In the third claim, plaintiff Michael Schamadan pleads that defendants aided and abetted the City's breach of its duty of good faith and fair dealing as it relates to Brandi Schamadan, thus causing him to suffer a loss of consortium. The fourth claim is also one pled only by Michael Schamadan. In that claim Schamadan alleges that defendants intentionally or recklessly inflicted severe emotional distress upon him.

### III.  DISCUSSION

In their motion at docket 256, plaintiffs ask the court to order defendant York to respond to three specific requests for production as follows:

REQUEST FOR PRODUCTION NO. 13:

The documents related to Defendant's staffing models, memos, or analysis for administering benefits under the Contract, including any analysis or discussion related to the number of employees necessary to staff the City of Phoenix contract, workloads, and productivity.

REQUEST FOR PRODUCTION NO. 14:

The documents related to audit staffing models for the City of Phoenix Contract.

REQUEST FOR PRODUCTION NO. 15:

The documents relating to adjuster turnover and personnel analysis for adjusters working the City of Phoenix Contract.

---

[1]Doc. 208.

Several objections were made to each of the three requests, including an objection that the discovery sought falls outside the scope of discovery established by Fed. R. Civ. P. 26(b)(1). Of course, that rule embodies a wide scope. Information sought need not be admissible in evidence, it need only be information whose production is "reasonably calculated to lead to the discovery of admissible evidence."[2]

With respect to RFPs 13 and 14, the court concludes that the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Whatever "staffing model" York used, how York chose to staff the work for the City would not inform judgment about York's alleged participation in a City scheme to defraud its injured employees or operate a RICO enterprise. The level of staffing could have been "just right to do the work," or higher than needed, or lower than needed. Knowing which it was would not yield evidence of York's participation in a City scheme. Obviously, "just right" staffing would demonstrate nothing. Staffing at an excessive level would not demonstrate an effort by York to assist the City to cheat its employees. Staffing at too low a level would not be evidence of York's participation in a RICO or fraud scheme, but only evidence that York was trying to cut corners to increase its own profits.

With respect to RFP 15, the court concludes that the type of information sought is reasonably calculated to lead to the discovery of admissible evidence. Documents showing that adjusters who were more generous in approving claims were taken off the job or subject to some other negative personnel action, or that those who were less generous were provided with some benefit could clearly lead to the discovery of admissible evidence.

Defendants raised additional objections to RFP 15, one of which is that it is vague and ambiguous because it relies on the undefined terms "relating to adjuster turnover" and "personnel analysis." The court agrees that these phrases are problematic. However, to the extent defendants have records which show that some

---

[2] Fed. R. Civ. P. 26(b)(1).

adjusters were removed from work on the City contract and others were not, such records need to be produced.  Similarly, if defendants have records which show favorable or unfavorable personnel decisions for any such adjusters, those need to be produced (but must be redacted so as not to disclose any adjuster's social security number, home address, or health related information).

The other objections to RFP 15 are not well founded.  FRP 15 is not overly broad or a "fishing expedition."  The time is necessarily limited to the time that the defendants had a contract with the City to adjust its employees' claims.

### IV.  CONCLUSION

For the reasons above, the motion at docket 256 is **GRANTED in part and DENIED** in part as follows: (1) Defendant shall respond to RFP 15 within 14 days from the date of this order, to the extent they possess responsive documents; and (2) defendants need not respond to RFPs 13 and 14.

DATED this 19th day of August 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE