# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN,<br><br>Plaintiffs,<br><br>vs.<br><br>YORK RISK SERVICES GROUP and FRANK GATES SERVICE COMPANY,<br><br>Defendants. | 2:13-cv-1419 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 154] |

## I. MOTION PRESENTED

At docket 154, plaintiffs move to quash a subpoena served on the United Firefighters Association Local 493. Defendants respond at docket 306. Plaintiffs' reply is at docket 330. Oral argument was requested but would not assist the court.

## II. DISCUSSION

The parties are familiar with the background giving rise to this litigation, and the court has described that background in previous orders. It need not be repeated here except to say that the motion at bar relates to a subpoena served on a non-party, the United Phoenix Fire Fighter Association Local 493, a union to which plaintiffs belong.

The Rule governing subpoenas to third parties is Rule 45 of the Federal Rules of Civil Procedure. Rule 45 is very explicit with respect to the grounds which can support an order quashing or modifying a subpoena. The grounds recognized in the rule are (1) failure to allow a reasonable time to comply, (2) requiring a response beyond the

applicable geographical limits, (3) requiring disclosure of privileged or protected information, and (4) imposing an undue burden.

There is no suggestion that the subpoena gave too little time for compliance, nor is there any suggestion that there is a problem with geographical limits. Rather, plaintiffs raise other objections. Much of plaintiffs' briefing focuses on the proposition that the information requested is not relevant to the dispute between plaintiffs and defendants. However, relevance is not a basis separately recognized in Rule 45. Nevertheless, the court concludes that a subpoena seeking completely irrelevant information might be quashed as unduly burdensome, even if the burden required fell short of orthodox notions of what constitutes an undue burden. Put differently, to require any significant effort in the service of a pointless request is "undue." Here, however, defendants' response establishes some relevance for the information requested[1] under the broad scope of discovery allowed by the Federal Rules.[2] The court will not quash the subpoena on the basis that the information sought lacks relevance.

Next, plaintiffs contend that the subpoena should be quashed because it undermines their privilege of association as union members. This is an argument falling within ambit of Rule 45's concern for safeguarding privileged or protected information. The burden of proof rests on the party seeking to quash the subpoena.[3] Plaintiffs assert that the request for documents impacts their right to privacy. They give as an example the request for sign-in sheets which would show which members of the union are active and which are not. Similarly, they contend that the request for meeting minutes will "chill" their associational rights.[4] Plaintiffs cite two cases to support their

---

[1] Doc. 306 at 6-10.

[2] Fed. R. Civ. P. 26(b).

[3] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004).

[4] Doc. 154 at 4-5.

position, *Familias Unidas v. Briscoe*[5] and *Int'l Union v. Garner.*[6]  Neither case is in point.

In the *Familias Unidas* case, the court held that a state statute allowing county judges to demand public disclosure of the members of organizations considered to be involved in activities which would interfere with the operation of public schools was a violation of the First Amendment.  That statute authorized a government intrusion into the First Amendment rights of the citizenry.  Here, there is no government intrusion; rather, a private litigant seeks information for the limited purpose of litigation.

In the *Garner case,* the court dealt with an employers' request for documents which arose in the midst of "a highly contentious conflict over a union organizing campaign."[7]  In that context, the court denied a request for authorization cards signed by employees.  There is no assertion here that defendants are attempting to interfere in union organizational activities.  Moreover it appears that there is no secret about which persons are members of the union, for the testimony indicates that all Phoenix firefighters are members of the union.[8]  Plaintiffs have not carried their burden to show any meaningful interference with their right to freely associate.

The remaining argument advanced by plaintiffs relates to the burden of compliance.  First, they contend that the request is overly broad.  To the extent that might be a basis for quashing the subpoena, any concern has been satisfactorily addressed by the narrowing of the requested documents set forth in defendants' response.[9]  Next, they contend that production of the documents would be unduly burdensome.  Given the narrowed request reflected in defendants' response, plaintiffs

---

[5]619 F. 2d 391, 398-99 (5th Cir. 1981).

[6]102 F.R.D. 108 (M.D. Tenn. 1984).

[7]*Id*. at 102 F.R.D. 109.

[8]Doc. 306 at 11.

[9]*See* doc.306 at 14, n.31.

have not demonstrated why compliance would be unduly burdensome. As one court has explained, "[w]here a movant asserting undue burden 'seeks to prevent a deposition entirely' his burden of proof is particularly great."[10]

In their reply, plaintiffs raise a new argument. They contend that the decision by Magistrate Judge Aspey (which was not appealed to this court) establishes that the "exact information sought by Defendants is not relevant to any issue in this case and is therefore not discoverable."[11] Arguments raised for the first time in a reply are not ordinarily considered. However, because this argument is in effect an assertion that the law of the case established in the order from the magistrate judge controls the result with respect to the pending motion, the court will consider it.

The order in question[12] denied defendants' motion to compel deposition testimony concerning a "pre-litigation Phoenix firefighters union meeting conducted in early 2013, on an unknown date and attended by eight of the Plaintiffs, two union officials, other [firefighters] and Plaintiffs' eventual counsel."[13] The order held that testimony about that meeting "is not privileged, [but] it is also not relevant."[14] Because that order has established the law of the case with respect to that meeting, this court now holds that the subpoena in question may not require production of documents which are directly related to the meeting described in Magistrate Judge Aspey's order. That order does not otherwise affect the analysis set out above.

In summary, the court accepts the narrowing of the scope of the subpoena as set forth in footnote 31 of defendants' response. This court will also restrict the scope of the subpoena to exclude documents related to the one meeting addressed in

---

[10]*Payne v. District of Columbia,* 859 F. Supp. 2d 125, 131 (D.D.C. 2012).

[11]Doc. 330 at 1.

[12]Doc. 264.

[13]*Id.* at 1.

[14]*Id.* at 10.

Magistrate Judge Aspey's order. As so narrowed, the subpoena stands and shall be enforced.

### III.  CONCLUSION

The motion at docket 154 is **GRANTED in part and DENIED in part** as follows: The subpoena is modified to excise requests for materials excluded by defendants' concession in footnote 31 of docket 306, and it is further modified to exclude any documents directly relating to the meeting addressed in Magistrate Judge Aspey's order at docket 264, but in all other respects the subpoena shall be enforced.

DATED this 27th day of August 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE