UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN,<br><br>Plaintiffs,<br><br>vs.<br><br>YORK RISK SERVICES GROUP and FRANK GATES SERVICE COMPANY,<br><br>Defendants. | 2:13-cv-1419 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at Dockets 271 and 291] |

## I. MOTIONS PRESENTED

At docket 271 defendants filed a motion to compel certain plaintiffs to participate in an independent medical examination ("IME"), and certain plaintiffs to participate in an independent psychological examination ("IPE"). The motion was re-filed under seal at docket 291. The motion at docket 291 differs from the earlier motion in that it includes text which had been redacted from the motion at docket 271. Plaintiffs' response is at docket 323. Defendants' reply is at docket 341. Oral argument was not requested and would not assist the court.

**II.  DISCUSSION**

Defendants seek IMEs of all plaintiffs except Michael Schamadan.  They seek IPEs of plaintiffs Saylor, Miller, and Schamadan.  The parties are familiar with the background for this case, and it has been described in earlier orders from the court.  What is significant for purposes of the present motion are the matters for which the various plaintiffs are seeking to recover damages from defendants.  These are found in their allegations in the Fourth Amended Complaint.[1]

Plaintiff Hunter alleges that due to defendants' conduct he has suffered "significant economic damage, humiliation, worry, distress, and continuing economic and physical damage."[2]  The allegation that he suffers continuing physical damage caused by defendants puts his physical condition at issue in the lawsuit.  The same or very similar allegations about worry, distress, and continuing physical injury caused by defendants are pled by plaintiffs Bowers,[3] Miller,[4] Dimas,[5] Mills,[6] Soza,[7] Campbell,[8] Saylor,[9] and Klages.[10]  These eight plaintiffs' allegations do not allege any severe emotional problems caused by defendants for which they seek damages.  Rather, in association with their economic and physical damages, they merely plead "garden

---

[1] Doc. 208.

[2] *Id.*, ¶ 21.

[3] *Id.*, ¶ 27.

[4] *Id.*, ¶ 32.

[5] *Id.*, ¶ 39.

[6] *Id.*, ¶ 47.

[7] *Id.*, ¶ 53.

[8] *Id.*, ¶ 59.

[9] *Id.*, ¶ 65.

[10] *Id.*, ¶ 71.

variety" allegations of worry and distress. Defendants concede that IPEs are not generally ordered where a plaintiff presents a "garden variety" demand for emotional distress damages.[11] However, plaintiff Schmadan alleges that defendants' outrageous conduct caused him "to suffer severe emotional distress[12] giving rise to his claim for intentional infliction of emotional distress. Thus, Schmadan, alone among the plaintiffs, has pled a claim for the type of emotional distress which might support an IPE.[13]

Rule 35(a) authorizes district courts to order IMEs and IPEs where two conditions are met. First, the physical or mental condition must be at issue.[14] Second, the party seeking the examination must show good cause why it is needed.[15] Here it is clear that the physical condition of all plaintiffs, save plaintiff Schamadan, is at issue. Conversely, the only plaintiff as to whom his mental condition is at issue is Schamadan.

Plaintiffs argue strenuously that defendants have not shown good cause for any of the examinations, because defendants have available a multitude of medical records, treating physician information, and IMEs that were done back when their disability claims were being processed.[16] The court agrees with defendants that this argument is unavailing, because plaintiffs are seeking damages for physical harm that resulted from defendants conduct, not just damages for the disabilities which were adjusted by

---

[11] Doc. 291 at 6.

[12] Doc. 208, ¶ 113.

[13] Defendants cite deposition testimony by plaintiffs Saylor and Miller, which they say supports the proposition that they are making claims which warrant IPEs. There are two problems with defendants' argument. First, Saylor and Miller have not pled claims for emotional distress of a type that would support an IPE. Second, read in context, the testimony essentially fleshes out plaintiffs' physical injuries. Thus, the court does not read the deposition testimony to take Saylor and Miller's assertions of emotional issues beyond the level of "garden variety."

[14] Fed. R. Civ. P. 35(a)(1).

[15] Fed. R. Civ. P. 35(a)(2)(A).

[16] There is considerable irony in plaintiffs' argument about the adequacy of the prior IMEs, for generally their position in this litigation is that the professionals who performed the earlier IMEs did not do a proper job and were acting in league with defendants.

defendants. Similarly, plaintiff Schamadan is seeking to recover for severe emotional distress caused by defendants. In sum, defendants have shown good cause for the IMEs of all plaintiffs, save Schamadan, and good cause for an IPE of plaintiff Schamadan.

Plaintiffs protest that they had no input into the selection of the doctors who are to perform the examinations. Yet, the history of the parties' efforts to resolve defendants' requests for examinations shows that plaintiffs insisted there would be no examinations, thereby eliminating a chance to work toward selection of mutually agreeable examiners. Morever, Rule 35 does not require any sort of mutual agreement upon the identity of the examiners. Finally, plaintiffs do not assert that any of the examiners identified by defendants are not competent to perform the examination requested.

### III. CONCLUSION

For the reasons above, the motions at dockets 271 and 291 are GRANTED in part and DENIED in part as follows:

IT IS HEREBY ORDERED that the following plaintiffs are required to participate in an Independent Medical Examination or an Independent Psychological Examination as follows:

1. Plaintiffs Hunter and Saylor will be examined by Dr. Barry Hendin, located at Phoenix Neurological Associates, 5090 N. 40th Street, Ste. 250, Phoenix, Arizona 85018. The manner of the examinations will be in-office exams that will include a patient interview and a physical exam at the above-mentioned location. The scope of the examinations will be related to plaintiff Hunter's and plaintiff Saylor's allegations of neurological injuries allegedly caused or exacerbated by defendants' conduct. The examinations will take place on a date and time to be announced that is mutually convenient for the doctor and plaintiffs.

2. Plaintiffs Saylor, Mills, Campbell, Dimas, and Soza will be examined by Dr. Douglas Hartzler, located at Arizona Orthopedic Associates, 690 N. Cofco Center

Court, Ste. 290, Phoenix, Arizona 85008.  The manner of the examinations will be in-office exams that will include a patient interview and a physical exam at the above-mentioned location.  The scope of the examination will be related to the plaintiffs' allegations of orthopedic injuries allegedly caused or exacerbated by defendants' conduct.  The examinations will take place on a date and time to be announced that is mutually convenient for the doctor and plaintiffs.

3. Plaintiff Miller will be examined by Dr. Paul Sawrey, located at Biltmore Cardiology, 4444 North 32nd Street, Ste. 175, Phoenix, Arizona 85018.  The manner of the examination will be an in-office exam that will include a patient interview and a physical exam at the above-mentioned location.  The scope of the examination will be related to plaintiff's alleged cardiac injuries allegedly caused or exacerbated by defendants' conduct.  The examinations will take place on a date and time to be announced that is mutually convenient for the doctor and plaintiff.

4. Plaintiff Schamadan will be examined by Dr. Pamela Wilson, Ph.D., ABPP/CN, located at 8035 N. 85th Way, Scottsdale, Arizona 85258.  The manner of the examinations will be an in-office exam that will include a clinical interview and psychological testing at the above-mentioned location.  The scope of the examination will be related to plaintiff Schamadan's alleged psychological injuries comprising the severe emotional distress allegedly caused by defendants' conduct.  The examinations will take place on a date and time to be announced that is mutually convenient for the doctor and plaintiff.

DATED this 27th day of August 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE