1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                               DISTRICT OF ARIZONA

10

11  LAURIE MILLER, BRIAN DIMAS,          )
    KIM MILLS, ANTHONY SOZA,             )
12  BRUCE CAMPBELL, KELLIE               )      2:13-cv-1419 JWS
    BOWERS, TIM HUNTER, BRIAN            )
13  SAYLOR, MICHAEL SCHAMADAN,           )
    INDIVIDUALLY AND AS                  )      ORDER AND OPINION
14  REPRESENTATIVE OF THE ESTATE         )
    OF HIS WIFE, BRANDI SCHAMADAN,       )
15                                       )
            Plaintiffs,                  )      [Re: Motion at Docket 278]
16                                       )
        vs.                              )
17                                       )
    YORK RISK SERVICES GROUP and         )
18  FRANK GATES SERVICE COMPANY,         )
                                         )
19          Defendants.                  )
                                         )

20

21                           **I. MOTION PRESENTED**

22          At docket 278 defendants move to disqualify two lawyers, Thomas Whitley and

23  Roger Schwartz of the law firm Taylor and Associates, from representing plaintiffs in

24  this lawsuit.  Plaintiffs, who are also represented by two additional lawyers, Michael

25  Patrick Doyle and Kevin Wein of the law firm Doyle Raizner LLP, oppose the motion at

26  docket 322.  Defendants reply at docket 340.  Oral argument was not requested and

27  would not assist the court.

28

## II.  BACKGROUND

The parties are familiar with the background giving rise to the case at bar, and that background has been described in earlier orders issued by the court.  There is no need to repeat it in this order.  For purposes of the present motion to disqualify, the following additional facts may be noted.  When this case was commenced on July 15, 2013, plaintiffs were represented by lawyers Doyle and Wein.[1]  Lawyers Schwartz and Whitley appeared as counsel for plaintiffs nearly a year later on June 25, 2014.[2]  The next day defendants noticed the depositions of both Schwartz and Whitley.[3]  The docket does not contain any document filed on behalf of plaintiffs which was signed by either Schwartz or Whitley.  However, Schwartz and Whitley did represent nine of the plaintiffs in the proceedings before the Industrial Commission of Arizona ("ICA") with which the case at bar is concerned, and they continue to represent three of the plaintiffs in matters still on-going before the ICA.

## III.  DISCUSSION

The gravamen of defendants concern is captured in the following passage: "Mr. Whitley's and Mr. Schwartz's association as co-counsel in this case, at such a late date, allows Mr. Whitley and Mr. Schwartz access to work product and trial preparation documents that York has disclosed in this case but has not–and is not–disclosing in the ICA litigation of Plaintiffs Saylor, Hunter and Mills which is still ongoing."[4]  Defendants also complain that, "Mr. Whitley and Mr. Schwartz have appeared in this case as

---

[1]*See*, Complaint at doc. 1.

[2]Docs. 202 and 203.

[3]Docs. 211 and 213.

[4]Doc. 278 at 2.  Defendants also point out that if the court grants plaintiffs' request to compel disclosure of materials defendants consider privileged, that information would also fall into the hands of Messrs. Schwartz and Whitley.  This is not a separate argument, it merely adds to the consequences of the document access Schwartz and Whitley would have as co-counsel.

1  counsel conveniently after York requested their depositions in this case, they now

2  object to York taking their depositions."[5]

3      Turning to the second argument first, the court finds that it has no merit for two

4  reasons.  First, as noted in the preceding section, Schwartz and Whitley appeared

5  before, not after, their depositions were noticed.  Second, plaintiffs point out that

6  Whitley and Schwartz will not be counsel at trial for plaintiffs.  Indeed, Whitley and

7  Schwartz are not even preparing documents for filing by plaintiffs.  The court will rely

8  upon and enforce the representation that Whitley and Schwartz may not appear at trial.

9  It follows, as plaintiffs correctly point out, that Schwartz and Whitley can therefor testify

10 at deposition regarding anything save privileged communications.  The court relies on

11 this representation and will require that Schwartz and Whitley appear for deposition

12 upon proper notice from defendants.

13     The first argument overlooks the fact that all of the confidential information which

14 Schwartz and Whitley may see which is of concern to defendants is subject to a

15 protective order which expressly limits the use of confidential information to the case at

16 bar.  Use of confidential information in another proceeding would violate the protective

17 order.[6]  Thus, assuming defendants have standing to make the motion to disqualify,

18 their first and primary argument lacks merit.

19                              **IV.  CONCLUSION**

20     For the reasons above, the motion at docket 278 is DENIED.

21     DATED this 3rd day of September 2014.

22

23                              /s/ JOHN W. SEDWICK
                               SENIOR UNITED STATES DISTRICT JUDGE

24

25  ───────────────

26     [5]Doc. 278 at 3.

27     [6]The order at docket 97 adopted the interim protective order at docket 82 as the final
    protective order.  Paragraph 10 of docket 82 limits use to this case only.  *See also* Exhibit A to
28  docket 82, which is the acknowledgment Schwartz and Whitley are obligated to sign.