UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN, and JOI KLAGES,<br><br>Plaintiffs,<br><br>vs.<br><br>YORK RISK SERVICES GROUP and FRANK GATES SERVICE COMPANY,<br><br>Defendants. | 2:13-cv-1419 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 307] |

## I. MOTIONS PRESENTED

At docket 307, plaintiffs move to compel defendants to produce wrongfully withheld documents. Defendants respond at docket 308. Plaintiffs' reply at docket 327. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Nine of the ten plaintiffs are or were employed as firefighters by the City of Phoenix ("City"); the tenth is a City of Phoenix police officer. Defendants are third-party insurance administrators who adjusted City employees workers' compensation claims

under contract to the City. Plaintiffs contend that defendants, with the assistance and knowledge of City employees, wrongfully denied or delayed payment of workers' compensation benefits to which they are entitled. The principal defendant is York Risk Services Group ("York"), and the parties' briefing consistently refers to York. Moreover, the request for production, which is at the heart of the present dispute, was directed to York.

In the course of adjusting the claims for benefits made by plaintiffs, Notices of Claim Status were issued by defendants on behalf of the City. Based on those notices which denied their claims, the plaintiffs then litigated the denials before the state's Industrial Commission ("ICA"). Plaintiffs and York, acting for the City, each retained lawyers to represent the employees and the City before the commission. York's claims adjusters made notes that memorialized communications between the individual adjusters and the defense counsel used in the ICA proceedings. When it produced the claims files, York redacted those portions of the adjusters' notes memorializing communications between the adjusters and counsel. It is those redactions which are at issue now.

### III.  DISCUSSION

Plaintiffs' motion at docket 307 asks the court to order defendants to produce "the improperly withheld claims notes prepared throughout the claims process as protected by privilege."[1] They also ask the court to order the production of unredacted copies of responsive documents. The dispute arises from plaintiff's Request for Production #1 which seeks:

> YORK's file for each Plaintiff's workers' compensation claim through the date of denial of the claim, until final resolution before the Industrial Commission of Arizona (including any written communications received or reviewed during the course of YORK's handling of the claim). This request specifically includes: any documents, reports, or memoranda

---

[1] Doc. 307 at 1.

relied upon in reviewing or evaluating the decision to deny Plaintiff's workers' compensation insurance benefits ....[2]

As relevant to the motion at hand, York objects to this request on several grounds, including the assertion that the documents sought are protected by the attorney-client privilege and the work-product doctrine.[3] York also contends that the material is not subject to production because plaintiffs are not pursuing a bad-faith claim against defendants[4] and that the documents sought are not sufficiently identified.[5]

The court turns briefly to York's assertion that the materials sought are not sufficiently identified. York takes the position that plaintiffs must "identify specific communications which they believe should be disclosed."[6] In this York errs. From the request for production it is clear enough that plaintiffs are seeking each plaintiff's claim file, including any communications upon which the adjuster or adjusters relied. It is incumbent on York, not plaintiffs, to assert which of these communications is withheld on the grounds of privilege. It appears that York has done this by redacting documents in each claim file it has produced. So, it is the redactions–whether in the form of an entire document withheld or in the form of excisions from a particular document produced–which are at issue.

Plaintiffs first argue that under *Mendoza v. McDonalds*[7] York has waived its privilege with respect to the communications plaintiffs seek. There, the appellate court held that the defendant had implied waived the attorney-client privilege and required production of materials, which included communications between claims adjusters and

---

[2]Doc. 307-1 at 1.

[3]*Id.* at 2.

[4]Doc. 308 at 1.

[5]*Id.* at 2-3.

[6]*Id.* at 3.

[7]222 Ariz. 139, 155 (Ct. App. 2009).

the lawyers to whom they turned for advice in handling Mendoza's employment benefit claims. York responds that *Mendoza* is inapposite, because it involved a bad-faith claim against the self-insured employer. In contrast, York points out that in the case at bar, there is no bad faith claim against York, for it is the City which owed a good-faith contractual duty to plaintiffs.

In an earlier insurance bad-faith case, *State Farm Mut. Auto Ins. v. Lee*,[8] the Arizona Supreme Court held that a party cannot avoid an implied waiver of the attorney-client privilege where, "the litigant claiming the privilege relies on and advances as a claim or defense a subjective and allegedly reasonable evaluation of the law–but an evaluation that necessarily incorporates what the litigant learned from its lawyer."[9] In that circumstance, the communication with the attorney is "discoverable and admissible."[10]

The linchpin in *Lee* and *Mendoza* is that the defendant's subjective good faith in denying the claims is at issue. In those cases, the defendant's good faith was used to counter a plaintiff's plea of bad faith, but the analytical principle behind *Lee* and *Mendoza* is not how the defendant's good faith becomes an issue, but the fact that it is an issue. Here, York's adjusters have testified that they acted in good faith in reliance upon all the information available to them.[11] It also appears that their decisions routinely take into account and rely on their communications with the lawyers.[12] It makes no sense to say that how the issue of a defendant's good faith arises separates

---

[8] 100 Ariz. 52 (Ariz. 2000).

[9] *State Farm Mut. Auto Ins. v. Lee*, 199 Ariz. 52, 58 (Ariz. 2000).

[10] *Id*.

[11] Depo. of Eileen Price, doc. 307-3 at 4, depo. p. 11, ll. 21-24 and depo. p. 12, ll. 6-9; Depo. of Brian Heaton, doc. 307-3 at 10, dep. p. 40, ll. 14-16, 18-23; Depo. of Kathy McLeod, doc. 307-4, at 3, depo. p. 149, ll. 6-10.

[12] Depo. of Chris Garland doc. 307-6 at 4, depo. p. 55, ll. 17-25; *see also* doc. 307-7 showing examples in which it appears that the adjusters took directions from the lawyers.

cases like *Lee* from cases like the one at bar.  In both, the validity of the adjuster's determination depends on the proposition that the adjuster acted reasonably and in good faith in reliance on what she was advised by the lawyer.  It is impossible to test the accuracy of York's assertion that the adjusters acted reasonably (which necessarily includes acting fairly, for an unfair action would rarely if ever be reasonable), if a significant factor forming a basis for their decisions–the communications with the claims lawyers–is cloaked in secrecy.

The court holds that York has waived its right to rely on the attorney-client privilege, and by necessary extension any "work product" of those lawyers to the extent that the work product consists of communications between the adjusters and the claims lawyers.  The requested materials must be produced.

The court takes this opportunity to remind plaintiffs that the materials produced are subject to the existing protective order, and plaintiffs must obey that order.

## IV.  CONCLUSION

For the reasons above, the motion at docket 307 is **GRANTED** as follows: Within 14 days, York shall produce all the materials responsive to Request for Production #1 which have not been previously produced, and if previously produced documents were redacted, they shall be produced again without the redactions.

DATED this 3rd day of September 2014.

                                    /s/ JOHN W. SEDWICK
                        SENIOR UNITED STATES DISTRICT JUDGE