UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE MILLER, BRIAN DIMAS, KIM MILLS, ANTHONY SOZA, BRUCE CAMPBELL, KELLIE BOWERS, TIM HUNTER, BRIAN SAYLOR, MICHAEL SCHAMADAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HIS WIFE, BRANDI SCHAMADAN, and JOI KLAGES,<br><br>        Plaintiffs,<br><br>    vs.<br><br>YORK RISK SERVICES GROUP and FRANK GATES SERVICE COMPANY,<br><br>        Defendants. | 2:13-cv-1419 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 388] |

## I. MOTIONS PRESENTED

At docket 388, defendants York Risk Services Group and Frank Gates Service Company (collectively "York") move to stay proceedings in this matter and request that the court certify a question concerning their assertion of attorney-client privilege for interlocutory appeal to the Court of Appeals. Plaintiffs' opposition is at docket 391. York's reply is at docket 397. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

Nine of the ten plaintiffs are or were employed as firefighters by the City of Phoenix ("City"); the tenth is a City of Phoenix police officer. York is a third-party insurance administrator who adjusted City employees workers' compensation claims under contract to the City. Plaintiffs contend that York, with the assistance and

knowledge of City employees, wrongfully denied or delayed payment of workers' compensation benefits to which they are entitled.

In the course of adjusting the claims, York's adjusters had contact with lawyers retained by York. The adjusters considered and relied upon those communications in adjusting the claims. Furthermore, the communications between the individual adjusters and the lawyers were memorialized in the adjusters' notes. When it produced the claims files during discovery, York redacted entire documents, as well as portions of the adjusters' notes memorializing communications between the adjusters and the lawyers. In a motion at docket 307, plaintiffs asked the court to order defendants to produce "the improperly withheld claims notes prepared throughout the claims process as protected by privilege."[1] The principal issue in dispute was whether defendants had waived the attorney-client privilege as to the communications between the adjusters and the lawyers.

Relying on the decision by the Arizona Supreme Court in *State Farm Mut. Auto Ins. v. Lee,*[2] this court held that where the good faith of the party is at issue–as York's is here–and the communications at issue are taken into account by York's adjusters in making their claims decisions, the adjuster/claims attorney communications are discoverable. This court explained: "It is impossible to test the accuracy of York's assertion that the adjusters acted reasonably . . . if a significant factor forming a basis for their decisions–the communications with the claims lawyers–is cloaked in secrecy."[3] Based on the principles recognized in *State Farm v. Lee,* this court held that "York has waived its right to rely on the attorney client privilege . . . ."[4]

---

[1]Doc. 307 at 1.

[2]100 Ariz. 52 (Ariz. 2000)

[3]Order, doc. 383 at 5.

[4]*Id*.

## III.  STANDARD OF REVIEW

York asks this court to certify its ruling directing discovery of the adjuster/claims attorney communications for interlocutory review by the Court of Appeals.  Federal law affords district courts discretion to recommend interlocutory review only if the non-final order in question decides a (1) controlling question of law, (2) as to which there are substantial grounds for a difference of opinion as to that question's answer, and (3) immediate review of the order will materially advance the ultimate resolution of the lawsuit.[5]  Generally speaking, use of §1292(b) should be limited to "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."[6]

## III.  DISCUSSION

The question which York wants the Court of Appeals to consider is whether York waived the attorney-client privilege as to the adjuster/claims lawyers communications it redacted from the ten claims files.[7]  The court first considers whether its decision on the waiver question involves a "controlling" question of law by virtue of being a question whose resolution would avoid protracted and expensive litigation.  It is not.  Whether or not the redactions from the ten files are produced as this court has ordered or retained by York without disclosure to plaintiffs will not avoid protracted and expensive litigation.  This lawsuit is already protracted and doubtless very expensive.  The protraction and expense will continue regardless of whether the redactions are produced.

Turning to whether there are substantial grounds for a difference of opinion as to the resolution of the question whether York waived the attorney-client privilege, the

---

[5] 28 U.S.C. § 1292(b).

[6] *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

[7] "York believes that it will be successful in demonstrating to the Ninth Circuit that the privilege was not waived."  Doc. 388 at 6.

court looks to the Ninth Circuit's decision in *Couch v. Telescope, Inc.*,[8] which explains that the court should "examine to what extent the controlling law is unclear."[9] Here, despite York's protestations to the contrary, it is this court's opinion that there is no lack of clarity respecting the controlling law. It was established by the Arizona Supreme Court in *State Farm v. Lee*.[10] If anything may fairly be debated it would be this court's finding of fact based on the deposition testimony from various adjusters that the adjusters relied on the claims lawyers' communications when deciding the merits of plaintiffs' benefit claims, not this court's interpretation of *Lee*.

Immediate review of this court's order to produce the redacted portions of the ten claims files will not materially advance the ultimate resolution of the lawsuit. That will remain for a jury to determine after hearing such evidence as may be admitted at trial. It should be added that the court has not ruled that the redacted materials are admissible in evidence. All the court has thus far ruled with respect to the redactions is that they must be produced for plaintiffs' review.

York also argues that it is being denied due process.[11] The decision made by this court was based on a fully briefed motion to compel discovery. There is no process beyond the opportunity to be heard already accorded York which remains "due" in this court. As to proceedings in the Court of Appeals, this court cannot recommend that such proceedings go forward unless it can do so consistent with § 1292(b).

York also makes an argument for interlocutory review which falls outside conventional § 1292 analysis. York contends that, as a result of disclosure of the redactions, "York will be severely prejudiced and irreparably harmed in a manner that is

---

[8] 611 F.3d 629 (9th Cir. 2010).

[9] *Id.*, 611 F.3d at 633.

[10] 100 Ariz. 52.

[11] Doc. 388 at 7. The argument appears to be primarily linked to its request for a stay, but also seems to relate to its argument that interlocutory review is appropriate.

not correctable on appeal from a final judgment."[12]  York cites *Agster v. Maricopa County*[13]l which held that the Court of Appeals had jurisdiction to consider a district court order to produce a document as to which a peer review privilege had been asserted.  This argument should be presented to the Court of Appeals itself, for the argument does not fall within the ambit of the discretion afforded to this court by § 1292(b).

York states that if this court declines to certify the order to produce the redacted materials, it will seek a writ of mandamus from the Court of Appeals.[14]  Of course, it may pursue that remedy.  Plaintiffs contend that appellate review at this stage will only serve to delay resolution of the litigation.  This court agrees, but whether to issue a writ of mandamus is a matter for the Court of Appeals.

Given that York will file a petition for a writ of mandamus, this court must consider whether to issue a stay sufficient for York to seek relief in the Court of Appeals.  In order to afford York an opportunity to obtain relief in the appellate court, this case is STAYED for a period of 10 days from the date of this order.

## V.  CONCLUSION

For the reasons above, the motion at docket 388 is **DENIED**, but nevertheless the court hereby STAYS further proceedings in this court for 10 days from the date of this order.

DATED this 24th day of September 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[12]*Id.* at 9.

[13]422 F.3d 836 (9th Cir. 2005).

[14]Doc. 388 at 10.